UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

Case No.: 2:20CR00095-004

vs.

CRYSTAL D. PORTER,
Defendant.

Judge MORRISON

## SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE/VARIANCE

Now comes, Crystal D. Porter, by and through counsel, Peter Scranton, and requests a Downward Departure/Variance of her sentence in this case. As is included in the Final Presentence Investigation Report, Ms. Porter's role in the offense was minor in relation to her coconspirators. As such a minor role reduction was warranted in the report pursuant to U.S.S.G. § 3B1.2(b) even with the reduced culpability already incorporated in the base offense level, per U.S.S.G. § 2X3.1.

This Court has already accepted a plea agreement with a variance below the guideline range with a codefendant in this case. In <u>United States v. Aldridge</u>, 2:20-cr-95-10 SJD, this Court sentenced Mr. Aldridge to 48 months. In the case of Mr. Aldridge, the Court did that considering the allegations that Mr. Aldridge threatened another's life in an effort to interfere with the investigation. The facts attributed to Ms. Porter are certainly not as significant.

### FACTORS UNDER SEC. 3553(a)

In determining a sentence, the court must consider the several factors of sec. 3553(a)(1-7) to determine if the sentence is minimally sufficient to satisfy sec. 3553(a)(2)'s purposes of

sentencing. The weight to be given to these factors remains within the discretion of the Court - so long as the sentence is reasonable.

(a)(1) **Nature and circumstances of the offense and the history and characteristics of the defendant.**

### Nature and Circumstances of the Offense

The allegations in this case are extremely serious. Ms. Porter is concerned that the allegations involving all of the codefendants in this case will color her own level of culpability. Ms. Porter has accepted responsibility for her actions and regrets helping her sister and her interactions with law enforcement immediately following.

### History and Characteristics of the Defendant

Ms. Porter purposefully removed herself from the community she was from to better her life and put her own child in a better position to succeed. She had a very difficult childhood and continues to suffer the consequences of her upbringing. Ms. Porter has held steady employment and complied with the conditions of her pretrial supervision, submitting negative urinalysis tests while under their supervision.

While it is always difficult to put oneself in another's shoes the defense feels it's important to consider Ms. Porter's upbringing and the values it taught her under very difficult circumstances. Ms. Porter has strong work ethic, is resilient and has learned a sense of loyalty and a love for her family that has helped her survive given her circumstances. It is these characteristics that led her to help her sister when asked and try to protect her family from a criminal investigation. Ms. Porter knows that this was the worst decision she has ever made in her life and is resigned to the consequences of those actions. She has no other criminal history and has held steady employment in spite of her formal education limitations. Although, she'll acknowledge her

father did not give her the best childhood and the allegations against him in this case are severe, she and her sisters were under his sole care during their upbringing, and she will always have love for her father as any child would for a parent.

**(a)(2)(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (a)(2)(B) to afford adequate deterrence to criminal conduct;**

If this Court were to impose a sentence below what's recommended by probation, the seriousness of the offense will not be denigrated and both Ms. Porter and others will be deterred from repeating similar mistakes. With any period of incarceration, Ms. Porter will lose a good job and be barred from similar employment in the future based on the nature of this conviction. She will be unable to continue to care for her teenage son that will now be without his father and his mother. The life she has worked so hard to create will be negatively impacted in a way she may never be able to fully recover from.

The sentence must not only educate defendants as to the seriousness of the offense but should make others in the community "aware that similar actions will be punished." Ms. Porter and anyone that she speaks to is fully aware of the serious consequences she will experience as a result of her actions.

**(a)(2)(C) to protect the public from further crimes of the defendant.**

A sentence which takes into consideration Crystal's lack of criminal history and her immediate acceptance of responsibility will still reflect the seriousness of this offense, would promote respect for the law, provide just punishment for the offense, and would afford adequate deterrence to criminal conduct from Ms. Porter and from others.

Judges are now invited to consider arguments that the guideline fails properly to reflect § 3553(a) considerations, reflects and unsound judgment, does not treat Defendant characteristics in the proper way, or that a difference sentence is appropriate regardless. *Rita v. United States,* 127 S. Ct. 2456, 2465, 2468 (2007). Judges "may vary [from Guideline ranges] based solely on policy considerations, including disagreements with Guidelines," *Kinbrough v. United States,* 128 S. Ct. 558, 570 (2007) (internal quotation marks omitted), and when they do, the courts of appeals may not "grant greater fact-finding leeway to [the Commission] than to [the] district judge." *Rita,* 127 S. Ct. at 2463. Judges have begun to embrace this invitation with respect to various guidelines with approval by the courts of appeals.

Judges must explain their acceptance, or rejection, of "nonfrivolous reasons" for a sentence different from what the guideline recommends, *id.* at 2468 but need not consider arguments that are not raised. *Gall v. United States,* 128 S. Ct. 586, 599 (2007). Thus, defense counsel must assist the Court in understanding the flaws in the guideline and make a strong record for appeal.

The goal is a sentence that is sufficient but not greater than necessary to achieve sentencing purposes.

**Conclusion**

Ms. Porter did not participate in the production of the alleged pornography. She was not in possession of the evidence and did not recover it herself. Ms. Porter hopes that this Honorable Court will sentence her with that in mind and again respectfully requests a downward variance in this case.

Respectfully Submitted,

_____

Peter Scranton (0080725)
Counsel for Defense
*Luftman, Heck, & Associates*
6253 Riverside Drive, Suite 200
Dublin, OH 43017
614-517-0913
pscranton@lawlh.com

**Certificate of Service**

A true copy of the foregoing was served upon all parties via electronic filing this 28th day of January 2022.

Respectfully Submitted,

_____
Peter Scranton (0080725)